UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANGEL L. CINTRON,

    Plaintiff,

v.

                              Case No. 19-cv-1249-pp

ATTY. DAVID LANG, ATTY. MICHAEL S. WINTER,
VERONICA GARCIA, JEREMY CHARLES,
and DELOS SANTOS LAW OFFICES,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 17)

On July 27, 2020, the court dismissed the plaintiff's case for failure to state a claim. Dkt. No. 12. The court entered judgment that same day. Dkt. No. 13. The plaintiff filed a notice of appeal on December 14, 2020, dkt. no. 14, along with a motion for leave to appeal without prepaying the appellate filing fee, dkt. no. 17.

Under Federal Rule of Appellate Procedure 24(a)(3), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Fed. R. App. P. 24(a)(3).

    A.    <u>Indigence</u>

The court previously found that the plaintiff was not able to prepay the $400 district court filing fee. Dkt. No. 12 at 6. It determined that plaintiff had

1

no income and received $1,244.84 a month in Social Security payments. Id. At the time, he paid "$436 a month in rent, $1,083.50 a month in 'other household expenses;'" "the sum of these amounts [was] $1,519.50," well over the plaintiff's monthly income. Id. The plaintiff was eighty-five or eighty-six and previously had suffered two strokes; the court concluded that he lived on his Social Security income and could not prepaying the civil filing fee. Id.

The plaintiff filed the affidavit accompanying his motion for leave to appeal with prepaying the filing fee on December 14, 2020—over fifteen months after he filed the application to proceed without prepaying the district court fee. Dkt. No. 17. This affidavit states that the plaintiff has a monthly income of $1,796.46 ($1,211.00/month in "Retirement" and $585.46/month in "Other" income, though the plaintiff does not identify the source of this "Other" income). Id. at 2. The plaintiff reports having $100.00 in a bank account. Id. at 3. Meanwhile, the plaintiff has $675.00 in monthly expenses ($30/month for utilities, $200/month for food, $200/month for laundry and dry-cleaning, $200/month in medical and dental expenses, $30/month in transportation costs and $15/month for recreation). Id. at 5. The plaintiff attests that he expects no changes to his monthly income, expenses, assets or liabilities during the next twelve months. Id. at 6.

The December 2020 affidavit reflects $550 more per month in income than the August 2019 affidavit. The December 2020 affidavit reflects $844 *less* in monthly expenses than the August 2019 affidavit. The December 2020 affidavit shows that the plaintiff has $1,121.46 in disposable income left after

2

Case 2:19-cv-01249-PP   Filed 12/23/20   Page 2 of 4   Document 19

he pays his expenses each month. The court finds that the plaintiff is no longer indigent and is capable of prepaying the $505 filing fee in the circuit court.

B.  Good Faith

The Seventh Circuit has cautioned that district courts should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

The court dismissed the plaintiff's case because the plaintiff had failed to state a claim over which the court has subject matter jurisdiction. Dkt. No. 12 at 13. The plaintiff's notice of appeal does not identify the basis for the appeal. Dkt. No. 14. The plaintiff left blank the section of the motion for leave to proceed without prepaying the appellate filing fee that asks the appellant to describe his issues on appeal. Because the court does not know the basis for the plaintiff's appeal, it cannot conclude—even under the liberal standard prescribed by the Seventh Circuit—that the plaintiff has taken this appeal in good faith.

C.  Conclusion

The court **ORDERS** that the plaintiff's motion for leave to appeal without prepaying the filing fee is **DENIED**. Dkt. No. 17.

The court **ORDERS** that if the plaintiff wants to proceed with his appeal, he must pay the $505 appellate filing fee by the end of the day on **January 22, 2021**. If the court does not receive the $505 filing fee by the end of the day on January 22, 2021, the Seventh Circuit may dismiss the plaintiff's appeal.

Dated in Milwaukee, Wisconsin this 23rd day of December, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**